OPINION
Defendant-appellant Cornell Fentress appeals the May 8, 2001 Judgment Entry of the Stark County Court of Common Pleas which found him guilty of one count of failure to comply and one count of driving under the influence of alcohol and/or a drug of abuse, and sentenced him accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On February 2, 2001, the Stark County Grand Jury indicted appellant with one count of failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331, a felony of the third degree; and one count of driving under the influence of alcohol and/or a drug of abuse, in violation of R.C. 4511.19(A)(1), a felony of the fourth degree.
Appellant retained Attorney Rick Pitinii as trial counsel. At his February 23, 2001 arraignment, appellant pled not guilty to the charges. The trial court set a trial date of April 30, 2001. On April 11, 2001, Attorney Pitinii filed a Motion to Withdraw from the case. Attorney Pitinii alleged he and his client were no longer able to effectively communicate or cooperate.
On April 23, 2001, appellant appeared with Attorney Pitinii and withdrew his previous plea of not guilty and entered pleas of guilty to both charges. The record in the instant case shows appellant originally pled guilty as part of a plea bargain. At sentencing, however, the court realized under the present sentencing statutes the negotiated sentence was contrary to law. The court vacated the guilty plea and explained the proper sentence would not involve any additional jail time. Appellant refused to re-enter his guilty plea, and proceeded to trial. He stated his reasoning several times on the record: he believed the principles of double jeopardy gave him a complete defense to the charges. The next document in the record is a Judgment Entry filed April 25, 2001, which notes the trial date is set for May 1, 2001.
On the morning of trial, appellant appeared with Attorney Pitinii, and asked the court for a continuance so he could obtain different counsel. Appellant admitted at the present time he had not found a new attorney, but asserted several times he did not want Petinnii for his lawyer.
The court overruled the motion for continuance and instructed appellant he could defend himself, with Petinii present to assist him if necessary. Appellant declined Petinii's help and informed the court he did not want Petinii in the court room at all. Appellant also refused to act pro se, asserting he was not able to do so.
Upon further dialogue, it emerged that Petinii had attempted to discuss trial strategy with appellant. Appellant became angry because Petinii suggested arguing for a lesser included offense. Appellant asserted his belief that the principles of double jeopardy required he be acquitted.
The trial court informed appellant it would only grant the continuance if he agreed to sign a time waiver. Appellant refused.
Thereafter, the matter proceeded to a jury trial. At the close of all evidence, the jury returned verdicts of guilty on each charge.
In a May 8, 2001 Judgment Entry, the trial court found appellant guilty of each charge and sentenced him to two years of prison on the charge of failure to comply, and one year in prison for the charge of driving while under the influence of alcohol. The trial court ordered appellant to serve these sentences consecutively. Appellant prosecutes this appeals, assigning the following errors:
 I. THE BELOW COURT ABUSED IT'S DISCRETION, WHEN IT DENIED THE DEFENDANT'S-APPELLANT'S MOTION FOR CONTINUANCE, WHERE SAID MOTION WAS NOT ESTABLISHED TO BE WITHOUT LEGITIMATE REASON, DELATORIOUS [SIC], PURPOSEFUL OR CONTRIEVED [SIC], AND DEFENDANT-APPELLANT DID NOT CONTRIBUTED TO CIRCUMSTANCE GIVING RISE TO THE NEED FOR CONTINUANCE.
 II. DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO COUNSEL, THAT IS WHERE THE DEFENDANT-APPELLANT IS FORCED TO REPRESENT HIMSELF AND INFORMED THE COURT THAT HE WAS NOT QUALIFIED TO DO SO.
 III. DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHTS TO COUNSEL, WHERE DEFENDANT'S-APPELLANT'S COUNSEL, FORCED OR OTHERWISE, PROVIDED WHOLLY INEFFECTIVE ASSISTANCE.
 I
In his first assignment of error, appellant maintains the trial court erred in denying his motion for a continuance based upon appellant's refusal to sign a waiver of his constitutional right to a speedy trial.
The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65,423 N.E.2d 1078. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When determining whether the court's discretion to grant a continuance has been abused, a reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. State v. Scott (Dec. 28, 2001), Stark App. No. 2001CA 00004, unreported.
In Unger, the Supreme Court of Ohio pronounced an objective test which "balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice to the defendant * * *" to determine whether a motion for continuance should be granted. In re Kriest (Aug. 6, 1999), Trumbull App. No. 98-T-0093, unreported, 1999 WL 607379, at 3, citing Under at 67,423 N.E.2d 1078. The factors a court should consider include:
 * * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.
We find there was evidence in the record upon which the trial court could base a valid decision not to continue the trial. Appellant's original trial counsel noted he was fired because of a disagreement over trial strategy. For the purposes of evaluating the denial of a motion to continue, we find such a reason illegitimate, and potentially contrived. It demonstrates appellant contributed to the circumstance giving rise to the respective continuance.
Appellant here did not state good cause to fire his attorney. The record shows appellant became angry when his lawyer attempted to discuss trial strategy and risks on the eve of trial. In State v. Cowans
(1999), 87 Ohio St.3d 68, the Supreme Court discussed a similar situation:
 Cowans's chief complaint was that his attorneys thought he was guilty. [717 N.E.2d 305] However, counsel deny ever expressing such a belief to Cowans. Even if counsel had explored plea options based on a belief that Cowans might be guilty, counsel's belief in their client's guilt is not good cause for substitution. "`A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism.'" Brown v. United States
(C.A.D.C. 1959), 264 F.2d 363, 369 (en banc), quoted in McKee v. Harris (C.A.2, 1981), 649 F.2d 927, 932. "`If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" McKee, 649 F.2d at 932, quoting McKee v. Harris (S.D.N.Y. 1980), 485 F. Supp. 866, 869.
 [4] For the same reasons, counsel's discussion of the palm print with Cowans was not good cause for substitution of counsel. Counsel would have rendered ineffective assistance had they not tried to discuss such important evidence with their client.
 Cowans at 73.
The Cowans court also discussed when substitution of counsel is appropriate.
Authority exists for the proposition that a "complete breakdown in communication" between the defendant and appointed counsel can constitute "good cause" for substitution.In a similar vein, in the case of State v.Jones (2001), 91 Ohio St.3d 335, the court found:
 "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim of the Amendment is to guarantee an effective advocate * * * rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." Wheat v. United States (1988), 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140, 148. Thus, "[a] defendant has only a presumptive right to employ his own chosen counsel." (Emphasis sic.) State v. Keenan (1998), 81 Ohio St.3d 133, 137, 689 N.E.2d 929, 937. Factors to consider in deciding whether a trial court erred in denying a defendant's motion to substitute counsel include "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense." United States v. Jennings
(C.A.6, 1996), 83 F.3d 145, 148. In addition, courts should "balanc[e] the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." Id. Decisions relating to the substitution of counsel are within the sound discretion of the trial court. Wheat, 486 U.S. at 164, 108 S.Ct. at 1700, 100 L.Ed.2d at 152.
 Jones at 342.
Likewise in State v. Henness (1997), 79 Ohio St.3d 53, the court said:
 However, "[t]o discharge a court-appointed attorney, the defendant must show a breakdown in the attorney-client relationship of such magnitude as to jeopardize the defendant's right to effective assistance of counsel." State v. Coleman (1988), 37 Ohio St.3d 286, 525 N.E.2d 792, paragraph four of the syllabus. The term of art "actual conflict" refers not to a personality conflict but to a conflict of interest. Strickland v. Washington
(1984), 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696. The Sixth Amendment does not guarantee "rapport" or a "meaningful relationship" between client and counsel. Morris v. Slappy
(1983), 461 U.S. 1, 13-14, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610, 621.
 Henness at 342.
While the above-cited cases dealt primarily with court-appointed counsel, I believe they indicate the approach courts should take even in cases involving retained counsel.
The Jones court reiterated the long-standing rule:
 "The grant or denial of a continuance is a matter [that] is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." State v. Unger (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080. In evaluating a motion for a continuance, a trial court should consider, inter alia, the length of the delay requested; the inconvenience to the litigants, witnesses, opposing counsel, and the court; and whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived. Id. at 67-68, 21 O.O.3d at 43, 423 N.E.2d at 1080.
 Jones at 342.
The record shows there was not a complete breakdown of communications between appellant and his counsel, and appellant's true motivation was to delay and manipulate the system.
The record indicates appellant had extensive familiarity with the justice system. Likewise, his subsequent actions in refusing to sign a time waiver or to proceed pro se supports a finding appellant was trying to force the court to grant him a continuance.
Even though the court erroneously stated a time waiver was necessary, the record contains ample evidence justifying the court's decision.
For theses reasons, we find the trial court did not err in denying appellant's motion for a continuance.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant argues his pro se
representation constituted ineffective assistance of counsel. Appellant notes he entered no objections, did not cross-examine witnesses, did not make an opening statement, and essentially confessed to the crimes on closing statement, by telling the jury he had already pled guilty and was sentenced.
We find appellant's arguments without merit, for a number of reasons. First, the Sixth Amendment guarantee of effective counsel refers to attorney representation, not pro se appearances. Additionally, the conduct of which appellant complains is his own conduct, and thus amounts to invited error.
The second assignment of error is overruled.
 III
In his third assignment of error, appellant claims Petinii was ineffective in failing to properly represent him at trial. Appellant refused to allow Petinii to act on is behalf, even going to the lengths of asking the court to bar Petinii from the courtroom. The court refused to do so, but appellant did not take advantage of Petinii presence in the courtroom.
If this were error, it is invited error. Appellant chose to refuse legal advice and pursue his own defense strategy. He must abide by the result.
The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court execution of sentence.
By GWIN, J., EDWARDS, J., concur HOFFMAN, P.J., dissents.